## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SHELBY FORD,<br><br>    Plaintiff,<br><br>v.<br><br>DOW & DOW, INC. d/b/a HOME HELPERS OF GEORGIA AND ALABAMA; and PHILLIP DOW,<br><br>    Defendants. | CIVIL ACTION FILE NO:<br><br>1:19-cv-00765-TCB |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff Shelby Ford ("Plaintiff") and Defendants Dow & Dow, Inc. d/b/a Home Helpers of Georgia and Alabama and Phillip Dow ("Defendants") (collectively, the "parties") respectfully move this Court to approve a settlement agreement ("Agreement") reached between them. The Agreement is attached as Exhibit A. The Parties submit that the Court should approve the settlement for the reasons described below.

### Procedural Background

Plaintiff brought this lawsuit against Defendants seeking to recover for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (FLSA).

Plaintiff alleges that she worked as a home healthcare provider for Defendants. She further alleges that she was denied payment of overtime based on hours she worked in excess of 40 hours per week. Defendants have not yet answered Plaintiff's Complaint but deny Plaintiff's allegations and maintain Plaintiff was paid for all hours worked in conformance with the FLSA. Instead of litigating their dispute in Court, the parties reached a compromise of Plaintiff's disputed claim and request that the Court approve their settlement.

Over the course of several months, the Parties exchanged information and attempted to negotiate a settlement of Plaintiffs' claim.  On February 1, 2019, the parties executed the Agreement setting forth the terms of their compromise, which are summarized below.

### The Settlement Agreement

Under the Agreement, Defendants have agreed to pay a gross settlement amount of $5,000. Of this amount, $1,000 is allocated for Plaintiff's alleged back wages and liquidated damages. The remaining $4,000 is allocated for Plaintiff's attorneys' fees and costs. Defendants shall tender the payments above  to Plaintiff's counsel of record in accordance with the settlement agreement upon the Court's approval of this settlement

## **Argument: The Court Should Approve the Settlement**

### *1. Standard for Approval of FLSA Settlements*

The Eleventh Circuit requires settlements in FLSA cases be supervised by the Secretary of Labor or approved by a court. *Silva v. Miller*, 307 Fed. App'x 349 at 351 (11th Cir. 2009) (citing *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1352–54 (11th Cir. 1982)). Before entering a stipulated judgment, the Court must determine that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's Food Stores*, 679 F.2d at 1354. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D.

Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, *3 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *Id.* (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

   2. *The Settlement Is a Reasonable Compromise of a Bona Fide Dispute Regarding FLSA Liability*

The Court should approve the settlement because it reflects a reasonable compromise of a *bona fide* dispute regarding Defendants' alleged FLSA liability and the FLSA's application to Plaintiff's claim. For example, Defendants maintain that Plaintiff was compensated for all hours worked and is thus owed nothing. Defendants dispute that Plaintiff was working during the hours Plaintiff alleges Defendants failed to pay her wages. Even if Plaintiff was working, Defendants

maintain that Plaintiff worked fewer hours than she claims to have worked. Furthermore, the Parties disagree over the appropriate statute of limitations that applies to Plaintiffs' claim. Under the FLSA, Plaintiff is entitled to a two-year statute of limitations for non-willful FLSA violations; Plaintiff is entitled to a three-year statute of limitations if she can prove that Defendants' violation of the FLSA was "willful." In this case, if Plaintiff fails to prove that Defendants willfully violated the FLSA, her recovery could be reduced significantly; indeed, Plaintiff risks recovering no unpaid wages if she fails to establish that Defendants willfully violated the FLSA. Conversely, if Plaintiff successfully proves that Defendants willfully violated the FLSA, she will be entitled to all unpaid wages, an equal amount in liquidated damages, as well as her attorney fees and costs of litigation, which could far exceed the settlement amount. Thus, given the *bona fide* dispute over FLSA coverage and the uncompensated hours that Plaintiff worked, if any, the settlement represents a reasonable compromise over disputed issues.

There was no collusion in reaching the Agreement. All parties were adequately represented by competent counsel experienced in litigating cases under the FLSA, and the Agreement reached was the result of good-faith, arms' length negotiation between the parties over the course of several months.

This case is not complex. Plaintiff claims $518.46 in unpaid overtime wages. (Doc. 1, ¶ 37). Under the proposed settlement, Plaintiff will receive $1,000, an amount nearly two (2) times her alleged unpaid wages, or 96.44% of the maximum amount Plaintiff could recover at trial, accounting for her wages and potential liquidated damages. No additional deductions will be made for the cost of filing the action. While Defendants disagree that Plaintiff is owed any unpaid wages, the Defendants offered to pay, and Plaintiff agreed to accept, $1,000 in unpaid wages and liquidated damages to settle the claim.

As referenced above, the Agreement provides for a payment from Defendants to Plaintiff's counsel of $4,000 for reasonable attorneys' fees and costs. After payment of filing fees, $3,600 is allocated to cover attorney's fees, which is less than the actual loadstar fees. During the representation, attorney Dustin L. Crawford expended a total of 22 hours. Mr. Crawford has practiced law in Georgia for nearly a decade and has four years of experience as a trial attorney representing plaintiffs and defendants in FLSA and civil rights litigation. He graduated from Emory University in 2010 and served on Emory's *Law Journal*. Based on his experience and skill, Mr. Crawford bills his time at the rate of $350 per hour. Plaintiff is also represented by Andrew Y. Coffman who worked on the complaint and this motion, expending 14.7 hours of time. Mr. Coffman has 26 years of continuous experience

devoted to employment and civil rights litigation. He currently bills at the rate of $450 per hour and has been awarded fees based on this hourly rate in other employment actions.   The Declarations of Andrew Y. Coffman and Dustin L. Crawford are attached hereto as Exhibits B and C, respectively.

The fee agreement between Plaintiff and her counsel provides for fees equal to the greater of: (a) counsel's full lodestar fees, or (b) 40% of the settlement. Under the terms of the Agreement, Plaintiff's counsel will receive a portion of their actual fees expended on this case. While counsel's fees are greater than the Plaintiff's recovery, the time required to bring the case to settlement justifies this separately negotiated amount. Plaintiff's attorneys' actual loadstar fees are $14,315, nearly four times the fees they will receive as part of the settlement.[1]  Counsel agreed to accept less than the amount actually billed on this matter to foster resolution and avoid the uncertainty of success and the unnecessary time and expense of filing a contested fee petition.

The fees and expenses to be paid under the Agreement were negotiated separately from the damages paid to the Plaintiff and did not interfere with the amount Plaintiff recovered. *See, e.g., Bonetti v. Embarq Management Co.*, 715 F.

---

[1]Defendant takes no position on Plaintiff's counsels' claimed hours or hourly rates. They are accepted to compromise this FLSA claim.

Supp. 2d 1222, 1227-28 (M.D. Fla. 2009) (when the parties negotiate the damages to the Plaintiff and the amount to be paid in fees separately, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the settlement.) Because the damages to the Plaintiff and the fees paid to counsel were negotiated separately, and because the Defendants agreed to pay an amount that Plaintiffs' counsel was willing to accept, the Court need not engage in an independent analysis of the reasonableness of the fees. *Id*.  Indeed, "the FLSA does not require the court to assess the fairness of an agreed payment of attorney's fees in settling an individual action. [T]he purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claims for wages, and not to ensure that the employee does not overcharge the employer [for legal services]." *Helms v. Central Florida Regional Hosp.*, No. 6:05-cv-383-Orl-22, 2006 WL 3858491 at *3 (M.D. Fla. Dec. 26, 2006); *see also Davis v. Addiction & Mental Health Services, Inc.*, No. 2-16-cv-01428-JHE, 2016 WL 6395290 at *2 (N.D. Ala. Oct. 28, 2016) (in-depth review of attorney fees unnecessary when parties agree to fees and damages separately.) Based on the amount of work performed, counsels' specialization in FLSA litigation, the voluntary reduction of the fee, Plaintiff's receipt of nearly 100% of what the FLSA allows, and the overall terms, the Agreement is fair and reasonable.

## **Conclusion**

For the reasons described above, the parties jointly request that the Court approve the proposed settlement agreement and enter the proposed Order.

Respectfully submitted this the 21st day of February 2019.


*/s/ Andrew Y. Coffman*_____
Andrew Y. Coffman
Georgia Bar No. 173115
ACoffman@pcwlawfirm.com
Dustin L. Crawford
Georgia Bar No.
**PARKS CHESIN & WALBERT, P.C.**
75 14th Street, 26th floor
Atlanta, GA 30309
Tel: (404) 873-8000
Fax: (404) 873-8050

*Counsel for Plaintiff*


*/s/ Stephen H. DeBaun*_____
Stephen H. DeBaun
Georgia Bar No.
debaun@bellsouth.net
**DEBAUN AND ASSOCIATES, P.C.**
3758 Lavista Road
Northlake Commons Suite 100
Tucker, GA 30084
Tel: (404) 248-9330
Fax: (404) 248-9335

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Stephen H. DeBaun
debaun@bellsouth.net
DEBAUN AND ASSOCIATES, P.C.
3758 Lavista Road
Northlake Commons Suite 100
Tucker, GA 30084

I further certify Pursuant to Local Rule 7.1, that the foregoing was prepared in one of the font and point selections approved by the Court in Local Rule 5.1 (Times New Roman, 14 point).

This 21st day of February, 2019.

/s/  Andrew Y. Coffman
Andrew Y. Coffman
Georgia Bar No. 173115
acoffman@pcwlawfirm.com

PARKS, CHESIN & WALBERT, P.C.
75 Fourteenth Street, 26th Floor
Atlanta, Georgia 30309
(404) 873-8000